Case number 316-0689. City of East Peoria. Accounted by Robert McCoy v. Property Tax Appeal Board. Appellee by validation. Please be seated. Thank you. May it please the court, your honors, distinguished counsel, good morning. I am Rob McCoy and I do represent the city of East Peoria whose petition in this case is the case for direct administrative review of a decision of the Property Tax Appeal Board or PTAB. And this morning I want to focus on two issues that I raised in my brief. First, PTAB's refusal to grant the city of East Peoria a hearing with respect to an assessment of a real property, a casino hotel is the issue. And the second issue is PTAB's refusal to allow the city an extension to submit written evidence. These are very intertwined issues. But the evidence that the city sought to introduce in an appraisal report was admittedly submitted 16 days after PTAB's imposed deadline. But it's also uncontested that the documentary evidence was submitted before any hearing was scheduled. One month before PTAB ruled that it was late and five months before PTAB issued its decision. And it's also uncontested that there's no prejudice in this matter as to the late submission, 16 day late submission of evidence where the city filed a motion to vacate the default, parodize the property owner. Our response to that is that we don't have to argue prejudice. We're not going to argue prejudice. There's nothing in the record to suggest prejudice by the 16 day delay where nothing was said. With respect to the first issue, the refusal to grant a hearing, section 16.170 of the property tax code requires PTAB to grant a hearing at the request of any party. This is confirmed by PTAB's own rules which says the board shall hold a hearing at the request of any party in writing. And that's 8611 code 910.67b. And this right to hold a hearing must be considered in light of the purposes of the property tax code and PTAB's charter. The General Assembly has stated in section 16.180 of the property tax code that PTAB is empowered to establish rules for an informal procedure for the determination of a correct assessment of the property which is the subject of the appeal. And the General Assembly has further expounded that the policy is that they want determination of property tax assessments on the merits rather than on technicalities in section 6185 of the property tax code which provides that PTAB's decisions are supposed to be based upon equity and the weight of the evidence. And reflective of these mandates, PTAB's own rules provide that each hearing shall be conducted in a manner best calculated to conform to substantial justice. And that's at 8611 code 1910.92a. But here substantial justice was not done where the city is completely denied any hearing at all despite making a timely written request for a hearing. Yes, the evidence was laid, but the hearing request was made before any hearing was scheduled. Now PTAB argues that the city is not entitled to...  It was done in... It was made on October 7th, 2016. We did not get any notice that there was any hearing or any matter scheduled. Then we saw the agenda that PTAB had posted saying that there's some action contemplated in this case. They didn't say what kind of action. And then we made a written hearing request. You filed your motion to vacate the default judgment on June 28th? Yes, and that was... The default happened when? The default happened on June 24th. So four days after, almost immediately after we got notice that there's a default. We filed a motion to vacate the default judgment. What happened was inadvertently the attorney failed to ask for an extension for an appraisal request that was still being undertaken. The appraisal was done, completed May 4th, and it was submitted May 6th. But it was not accepted. It was not accepted. Well, we weren't told that until June 24th. And then on June 28th, we filed a motion to vacate. So once again, immediately after we knew that there would have been a default, we asked for it to vacate. And at that point, no hearings had been scheduled. So between April 20th and June 28th, were there any requests for an extension of time? No. What happened is that the attorney who was handling the case inadvertently thought he had made an extension request, a second extension request. He gets back from vacation, and then the appraisal comes in on May 4th, or maybe in our office May 5th because it's dated May 4th. And we immediately give it to PTAP. And then more than a month later, PTAP says, You're late. And that was our first realization that a second extension request had not been made. That wasn't you, I presume? No, it was not me. We won't beat you up. But, you know. This is really whether it's an abuse of discretion. I think it is an abuse of discretion. And I think that's the proper standard. To cut to the chase, I think it's an abuse of discretion on failure to give a continuance. And most continuance, I go to the Six Brothers case later on, you're judging it's speed versus justice. Here, it's not even a matter of speed because there's no hearing set. PTAP set on the late evidence for over a month and then said, Well, it's late. But we don't even have a hearing set. There's no delay. It wasn't a request for hearing. It's not like you requested a hearing and one hadn't been set. You didn't even request a hearing until four months after the April deadline, three and a half months. I think that the request for hearing, I may tell you wrong on this one. I think it was implied with the original seeking to intervene. But we did separate requests right before we knew PTAP was going to take some action on this. And it's typically done after the evidence is all accumulated, the evidence is all received, and PTAP says it's ready, then we typically request for hearing at that point. Well, you had already gotten a 120-day extension of time, correct? It wasn't quite 120 days. The original request was for 120 days. It wasn't quite given that full 120 days. I noticed that... So you had six months before the appraisal was filed. And it was appraiser did not get it completed until May 4th, and then we submitted it May 6th. Now, you're saying the Board of Review got the treatment that you're asking for. They did get two... But they were not necessarily a party to it. The Board of Review... Well, the Board of Review didn't seek to submit any evidence. They were defaulted, and they didn't seek to... They didn't want to be involved in this one. They were a party. But with Paradise, what we're saying, complaining about it, is they did get two extensions before the city even intervened. They got two extensions. Now, PTAB will say, well, they made their extensions timely. Yes, they did. They didn't make the mistake that my co-partner made a mistake. But they got two extensions. One of the extensions, they asked for 60 days, and they actually got more than 60 days because what PTAB did was give them an extension 60 days from the date of the letter, a 90-day extension, which was about a month later. So there was almost a 90-day extension, even when they asked for a 60-day extension. I'll give you the exact dates. It was... That's right. We're talking about the exact date. But there are... They said there was a different treatment. Yeah. They were... They were the interveners. They were... They got their evidence, and the hard fact is they got their evidence before the deadline set by PTAB. But they did get two extensions. We thought we had requested a second extension. Mistake was made. As soon as we knew about the mistake, we filed a motion to vacate, which was filed within four days of notice that we made a mistake, probably less when given mails. So immediately, basically, we filed a motion to vacate, and nothing was said. No delay was caused. PTAB says that because you didn't file your documentary evidence on a timely manner, that you weren't even a part of it. I'd like to hear your response. I have a response to that. First of all, the rules say that under 910.60d, any taxi party that has a revenue interest in the field before the property tax appeal board may become an intervening party by filing and triplicate with the clerk, the property tax appeal board, a request for intervening through legal counsel. Okay. So we did that. And then it says if it's not... If evidence is not submitted at that time, under 86 Alabama code 910.60f, an intervening party can request for an extension. But they're already a party by the language... So you didn't file evidence on December 30th, 2015, when you requested to intervene. No, we filed the request with a request for an extension, with an original request to intervene. We filed that request with an extension request. That's permitted under 910.60e, and then under 60f, that they still call you an intervening party, even though evidence has not been submitted. And PTAB has ruled, it had a notice to us on January 21st, 2016, that you're a party. So we're having the resolution and... We have the resolution, petition. And the first party status on the... Yeah, and we had an initial request for an extension. So all of those categories were met, I think, under the plain language of rules, it was party status, and PTAB apparently agreed and called us a party on January 21st. They said it's a notice that you're a party now. Council has two minutes. Okay. So we're a party. We have the right to the hearing. We did have a late extension request in the sense that it was past the deadline. Under the extension request, you have authority to ask for an extension under Rule 910.60f, if the extension request was... But it does not say it has to be filed before or after the deadline there. It does not say that. Under 910.67k, PTAB can waive at any time the deadlines of documentary evidence. So we're willing then that they have discretion. They did not act as if they had discretion. You can look through the whole record, and they don't show any sign of acting like they have discretion. And since we're getting closer in, I'm going to focus on these quotes. I think they're great from Six Brothers' King Drive case that a motion for continuance should be granted by a hearing officer, here it's a PTAB, not a hearing office, whenever justice requires it. Hearings before an administrative agency should be investigatory proceedings instituted for the purpose of ascertaining and making findings of facts. And where an administrative body must choose between justice and speed, it must pick on the side of justice. It had discretion. It did not act as if it had discretion. What it decided to do is we're going to arbitrarily apply rules in the most narrow interpretation possible, and there's another interpretation possible, to go mainly for speed, and not for justice, but to remove a case from our docket. And that is the abuse of discretion. And I'm going to point out here that if there is a speed, if PTAB here has had four extension requests on its briefs, two extensions from this court on its time to fill the record, and a continuance request for oral arguments, because opposing counsel was hospitalized, and I understand things happen. But that's the understanding of the world. My partner hospitalized. My partner was not hospitalized. He made a mistake. He made a mistake. The reason for the error or the reason for the need for continuance and the amount in controversy weigh heavily on my mind. This is a $2 million mistake. How does the amount factor into your argument? I think it factors into the idea that they're told to make correct assessments based on the records and on the evidence and substantial justice. And I don't think substantial justice is being done here just because a mistake is being made because someone has made a mistake, admitted a mistake that they owned up to immediately. And if we have the same courtesy that we have given counsel here of extension after extension after extension, we would not be here. Or at least we would be talking about the merits of the case rather than just abuse of discretion on. You didn't ask anybody for more time. We. You didn't ask counsel for more time. We immediately asked for leave to accept our evidence that was submitted late as soon as we learned that it had been submitted late. The deadline had not been extended. As for PCAB granting these extensions, as of course, counsel thought, he thought he got the extension request in the mail. PCAB has always granted these extension requests in the past. Mistake was made. And we learned about it, immediately requested for more time. How many days after the deadline did you file the evidence that wasn't accepted? The evidence that was filed, it was due April 20th. It was filed April. It was filed May 6th. The appraisal was actually completed. It was sort of out of our hands on May 4th. Wait, wait, wait, wait, wait, wait. It was sent to PCAB on May 6th. It was sent to PCAB on May 6th. That's what was in the mail. We mailed it May 6th. It was received, PCAB, several days later on the mail. But we mailed it May 6th. And it was dated May 4th, so I assume it got to our office May 5th, unless it was by email, which I don't know. June 4th, PTAB. June 24th. June 24th. So the amount of time that they took to tell us that we were in default was longer than the actual delay. And that delay did not cause any prejudice. And Paradise was given an opportunity to say we caused prejudice, but there's nothing in the record saying that we caused prejudice. Time is up, counsel. Thank you. Thank you, counsel. Good morning, Your Honors. May it please the Court. Valerie Quinn on behalf of the Property Tax Appeal Board. I already can tell I need to speak louder. In this case, Your Honors, the Property Tax Appeal Board enforced its reasonable rules. The litigants must comply with regulations and orders or face default. And that is, you can see that throughout the PTAB's regulations, including the one on hearings. Section 1967 on the hearings says, valuation evidence will not be accepted unless it was timely submitted. But if the litigants didn't submit that evidence, how are they not entitled to have a hearing to certainly question the expert or try to refute the evidence presented? Even if they don't present evidence of their own. It is the PTAB's position that the city did not fulfill the three prerequisites set forth. How can you default someone that is not a party? Well, evidence can be defaulted. But you're saying that they are entitled to a hearing because they didn't fulfill three requirements. And they did not timely submit their evidence. But if they didn't, so you're saying that they are not a party because they didn't timely submit this evidence. That is correct. Then how would they dismiss? There is no statutory authority. Well, they were not treated as a party after that. Do you default someone who is not a party? If they do not fulfill the requirements for intervening, as the city did not. Because there is no statutory authority for intervening in PTAB matters. We find the authority for intervening in its regulations. And that sets forth the three conditions that litigants must fulfill in order to successfully intervene. But having documentary evidence is not a requirement. It is in the regulations, Your Honor. In order to become a party, the section 191060 says you have to file your request, file the resolution authorizing it, and comply with subsection E, either by filing three copies at that time or seeking an extension in order to file those three copies. But that is the appraisal evidence, whatever evidence. But what if the only thing that you are contesting, say for instance, is that the Paradise's appraiser had lost his license? So that you are just questioning the authority or the mechanism or the method. So all you want is the opportunity to question them. And why would you be required to submit anything other than at the appropriate time? Say, you know what, we want a hearing. So if I understand the Court's question correctly, the Court is saying if you are a party, but you have been defaulted, so you can't put in any evidence. No, no, no. We want to become a party and we want to have a hearing. But we aren't going to have a separate appraisal because we find that there is a fundamental flaw in the evidence that has already been submitted by the party, by your party in this case. Well, one thing a would-be intervener can do is accept or adopt another party's evidence. So had the Board of Review put in evidence, the city could have adopted that and become a party that way. But there is no other evidence. Here we go, this is going to be evidence brought by, for instance, we say, somebody that is not qualified, that maybe isn't licensed. And the way we're going to get to that is we're going to question them and they're going to answer truthfully that they lost their license. So I don't see any requirement that a party, an intervener, is required to submit any evidence. What I read this to say is that if you're going to, there's deadlines. What I see as what is required is if you're a taxing body, if you're an entity such as a city, you have to have a resolution from that authority. You can't just file that. You have to have a corporate resolution that comes with your intervention. And if the regulations say if you don't, we're going to send it back to you. And you're going to have to get that back to us within this time. But the other just, I think, sets out the rules about if you're going to submit this evidence, this is how you have to do it. And then we're going to give you X amount of days and you have to get these extensions and so forth. But what I keep stumbling on is whether or not evidence is, the lack of submitting evidence would be fatal. Because they confer party status on them January 21st. And when you default, if you say somebody hasn't done something and they're not a party, you dismiss them. You say you're not a party. The PTAP's position was they did not have to be dismissed because the PTAP interpreted its own regulations as they didn't achieve party status in the first place. But even if the court were persuaded that they had become a party, having a hearing would have changed nothing. The default of the evidence, that was not an abuse of PTAP's discretion. Agencies have the discretion and the authority to require that litigants comply with their reasonable rules regarding deadlines and submissions. In civil practice, what happens is that there are many times for parties that are litigating, there are deadlines set by the trial court about the introduction of evidence, discovery and so forth. Sometimes courts forgive that party from submitting any other report, disallowing that evidence. They still have hearings. They celebrate their hearing. And what the hearing is about is what is in the record, you know, legally and evidentially. What's in the record. And I'm having trouble with this too. It appears that an entity was granted party status, was allowed to be a party, and they were allowed to submit things. They missed the deadline. So the board then said, okay, you missed the deadline. And now all of a sudden you're not entitled to a hearing. Well, there was still stuff that they could argue about. Right? Isn't that right? There were things they could argue about without that evidence. It was the board's position that this was a case based on what was the correct evaluation for this particular parcel of property. That was a matter of fact finding, not legal argument. Well, I mean, they could argue about the fact finding. They could argue about the fact finding. I mean, you know, when you're making assessments about real property and it's fact finding, people don't always agree with the fact finding, do they? They argue about it. Isn't the key here, though, that the city didn't even ask for a hearing until after the board acted. They filed a motion to intervene. And according to the regulation, they could get a 30-day continence. They asked for 120, and they got nearly 120 days. Yes, substantially that, Your Honor. And between the time of April 20th and May 6th, when they sent the evidence to e-dail, they didn't request a hearing. They did not, Your Honor. Their counsel got back from vacation on March 28th. There was still three weeks left to check on the status of the case, you know, to see if the motion for extension that he thought he filed had been ruled on. And apparently he did not do that. And he simply sent in the evidence with no excuse, no acknowledgment that it was tardy, no explanation. And then the excuse was finally given two months later when they were requesting that we vacate the default. And at that point, it was too late. Before the board discussed it, there was this delay. I'm sorry, there was? There was this delay between when the evidence was actually submitted, late evidence. Right. And then it was only in late June when the board, I mean in June when the board said they were in default. Issued the default. Correct, Your Honor. Yes. And I don't see any, where's the regulation about a party that does not submit evidence, the party does not submit evidence, or submits evidence late, you know, I have no idea, that they are in default. Where is that? That is in the sanctions section. It is also, it's partly in the hearing section in 1967. But where do you read that section from? Okay. In subsection L, appraisal testimony offered through evaluation shall not be accepted at the hearing unless it's been timely submitted. The sanctions section, I thought I had that right here. Failure of any party to comply fully with all rules and or specific requests of the Property Tax Appeal Board as set forth in, including 1910.60, shall result in the default of that party. That is section 1910.69, subsection 8, right at the beginning. So yes, they're on notice that they will be defaulted if they do not submit. So every party under the regulations, okay, has to submit evidence? It's on notice that failure to submit evidence by the deadline will result in a default. So there could never be a party that doesn't submit evidence? There could never be an intervener who's accepted as a party that doesn't submit evidence? They could announce it. Usually there's a situation where some other party, the Board of Review for example, will submit its own evidence and an intervener can announce that they're going to adopt that and then they don't have to submit evidence at that point. Is that in the rules that they have to adopt some other evidence? It is in the rules that they may. They don't have to, but they may. So if they don't have to, this is what I'm having trouble with, if they don't have to because they didn't intervene but they had to, in other words, if they didn't have to and they're intervening and they don't have to submit evidence, if they miss a deadline about submitting the evidence, I don't understand this regulation saying now they're in default. I know we're in the statutory thing where we're saying default, but that's an interpretation of what a default means. So where are the regulations that say they must submit evidence or they must adopt somebody else's evidence? I don't see that. Well, it's one or the other. If they don't submit evidence, they're in their default. Either adopt somebody else's evidence or submit your own. That's a good argument. Yes, that's correct. Where is it in the regulations? It must be through one or two. There's not a three, which is just being an intervener and making arguments about what's there, not adopting anybody's evidence, just arguing that the assessment was incorrect. It's the board's position. It read together those. Well, that's how you read it together. Yes. But it's not stated there clearly and it's not pronounced clearly. That's your interpretation of these rules. Yes. So you see where I'm coming from. I'm asking where is it that if you intervene and, you know, you miss a deadline, okay, and you're in the board's discretion, they say, okay, you missed the deadline. We're not going to accept your evidence. That's what you did. That's correct. We will not accept the evidence that has been filed because it was passed the deadline. You said that in June, about a month after they filed it, right? About six weeks. Yes. About six weeks after they filed evidence, albeit late. They submitted it. They submitted it. It was submitted, albeit late. And then about six weeks later, it's announced that they were in default. Now, I don't see either the statutory authority, the regulation that equates that or that there has to be one or two. In other words, you either have to submit evidence timely or within a certain period of time you have to say, I guess, when you intervene that we're not submitting new evidence, we're adopting somebody else's. What's the deadline for that? I'm sorry, for adopting? What's the deadline for adopting other people's evidence? It is the PDEP position. That should be done pretty much at the outset because you have deadlines for it. Well, I know that's your position. It should be done somewhere at the outset, but what was the regulation like that that they have so many days to adopt? To adopt. It doesn't give a time frame, Your Honor. There's no time frame for that. What does rebuttal evidence in the section on rebuttal evidence, what is that kind of thing? Because, you know, the timelines for that seem to be, seem to track when evidence is submitted by, you know, your client would submit evidence and there's 30 days to, I guess, the board sends it out. The other parties then can file rebuttal evidence to that. Is that? The Property Tax Appeal Board adjudicates these matters. It doesn't submit evidence of its own. I'm not sure where in the regulations the court is. 191066, rebuttal evidence. When they get, receive the argument accompanying the documentation of an opposing party and the other party then has 30 days after the date of the board's notice to file rebuttal evidence. So is this, is rebuttal evidence in a case like this something that your client would be submitting to what they submit or is it that they are submitting to what you have already attached to your? I apologize, Your Honor. I actually don't have that section with me and I hadn't, I hadn't thought, I hadn't, that wasn't part of what I, I would be happy to submit something on a briefing on this if the court would like. There is a section that deals specifically with changes in valuation such as this that are over $100,000 and it does allow for extensions to submit rebuttal evidence specific to these large cases, large dollar cases. So, you know, it's just a concern of mine that it seems that there are several extensions sort of built in and almost expected, especially in cases that deal with large changes in valuation. And that it seems as though there's a, doesn't seem to be much understanding that as I read this, these rules that seem like there might be several opportunities to submit documentary evidence. But here it sort of seems as if you're saying that their practice has been only once and done. At least in this case, Your Honor. There was only one part of the time we submitted its evidence and it is not the case that there is no prejudice. That's certainly not something that's undisputed. The city graciously submitted a supplementary record and the court conceded that at the October 2016 meeting,  that is more decisions that PTAP had to issue that month than the first district appellate court issues civilly in a year. This is a document that warrants time management. When they didn't take any action until June 24th, and they've had it for a good five, six weeks prior to that,  and then allowing for the hearing. Because as I understand it, you don't request a hearing at the time you file to intervene. But that's done later, isn't it? You can request it if a party can request it later. But this is an agency that takes 30,000 appeals per year, Your Honor. This docket requires firm management. But there are a lot of continuances for you. Let's say in the event that he had said, hey, I'm leaving on vacation, and he did get that in. It is very possible that if the city had made a request to file an extension or had acknowledged its mistakes, not sure whether they would have gotten an extension or not, but Paradise requested an extension and got one. The city did not. It acted as though it had a perfect right to submit that evidence when it did, with no acknowledgment of its targetedness, no explanation. That's right. My question is going to follow up and underscore what the Justice has been asking. Is here, okay, at this point in time, at this juncture, we're not accepting that evidence. We tell them in late June, okay, after they've actually already submitted it. But they were still granted party status before. And I don't see where the rules specifically tell them that not introducing the evidence no longer makes you a party because what you're signing is the general provision. You have to file the rules. Well, there was one rule, so they don't have the evidence. But it's, you know, I don't want to be redundant.  So now there's a hearing, of course, and now the Justice has decided other regulations that look like open up opportunities later to rebuttal to do something, too. I mean, normally the right to a hearing, if parties are granted party status, then parties have a right to be heard at the hearing. Only if they request a hearing, and there was no request here. I'm a little confused about the standard of review. The rules allow you to reject evidence that isn't timely. Yes. And the rules allow you to give an extension of time, I presume, even in hindsight, for good cause shown. That's correct, Your Honor. Was the good cause here, the appraiser couldn't get it done by April 20th? Or, I understand the attempt at showing good cause was we went on vacation and forgot about it. So that standard of review, do we give deference to your interpretation of the rules, or do we impose the same kind of abuse and discretion we would impose on the serving court? The board believes it is an abusive discretion standard. The agency is enforcing its reasonable rules, its reasonable deadlines, like any other tribunal, and it is never an abuse of discretion to enforce those reasonable rules, of which people have had notice, both in the regulations and in the explicit order. And there are sort of two different questions here. What would they have had to show in order to get an extension had they timely requested one? And the rule speaks a little bit to Dracone. What if they didn't timely request one? What would they have to show to convince you to accept the evidence? It is very possible that if at the time they submitted their evidence they had acknowledged its lateness, they had apologized, owned up to it, requested to file it in standard, I can't say after the fact what the board would have done, because plainly it's not me that makes those decisions. But it is possible, possible, that the default could have been vacated at that point. We won't know. But if they filed it, taking that their argument is true, not understanding that they didn't have, and they thought it was timely filed. Because they failed to check on their case, and if oops-I-gooped is enough to vacate a default, when there's this many cases on the docket, we really do have a floodgates problem, Your Honor. It's 30,000 appeals per year. Well, my question to you, Tom, is what's a default? Because, you know, again, I don't see any rule or regulation that mandates that a party that intervenes would have to either accept somebody else's evidence, nor do I see what the deadlines are about accepting someone else's evidence. There's not a hearing sent or a request by anybody else yet. You know, as the Justice said, there's no request by this party for a hearing. Of course, they haven't submitted the evidence yet. Normally, when you request a hearing, they've submitted your evidence. But I don't see a deadline that's for either, you know, for accepting somebody else's evidence or not doing any evidence. Once you've got the party status, I don't see how someone has defaulted if they have a party status even without presenting their own evidence or adopting somebody else's evidence. Why can't they have a hearing in the regulations that says, you know, there's other things that can happen? You know, I don't see how, I don't see the clear distinction or notice to the party who's been granted intervention to tell them when they're in default. It's one thing to deny evidence, to allow evidence in, but I think there's a separate question of whether or not you have the right to a hearing. And default means that you haven't complied with, you know, all the rules and regulations right, and so then you've signed a default so you can dismiss the party. Okay? Right? But they were told that on January 21st, when they sought to intervene, and the board sent them a letter acknowledging that they had requested and that they claimed to have an interest in the case, and in paragraph 2, failure to submit evidence or request an extension of time by April 20th, 2016, will result in default of the intervener. And I'm trying to find, you know, that statement that the board sent where that is mandated either by statute or regulation. Because, you know, that assumes you are mandated to present evidence, and you agree that they don't have to present evidence if they move to say we'll adopt somebody else's evidence. Where's the rule that says those are the only two choices? Couldn't there be a third choice that you ask the other dean to be able to argue the matter, to interpret what evidence has been introduced by all the parties, not to adopt it, not to submit your own, but just to argue about what's there, about a proper assessment. And our board has assessment cases. We hear these reviews about different assessments, and a lot of times there are arguments about the meaning of the facts  The board, the section involving hearings is written in a way that appears to give the board a fair bit of discretion in whether to schedule a hearing or not. It's written that the property tax appeal board may render a decision based upon the evidence without holding a hearing. When the board determines that a hearing is not required, the appeal should be based upon the evidence that's in the record, a party may request that... So when did the board say no hearings? I'm reading from 1910-67, it's A, B, and C. That language is all fairly... It's written as though there is discretion involved in granting hearings. When was it determined that it wasn't? It had already been determined by the time... I'm not sure precisely, but at the time that they requested their hearing, which was October 7th, this case was already on the docket for the October 16th board meeting. And I believe the materials from that meeting are in the supplementary record that the board can see, and they're also up on the website and probably subject to judicial notice. At that point, it was a week before the meeting. And taxpayers have a right to a speedy resolution of their appeal. That's also in the Act. I believe in the regulations. So there would have been... Any other questions? No. Thank you. As to the party status of the city, I note that in its decision, the final decision, which is actually under the review here, the PTAB wrote in the footnotes, the city of East Peoria intervened in the appeal, was found to be in default due to the failure to plan to submit evidence. And it intervened. It was a party. Counsel's wrong that they had discretion to deny a hearing if there is a hearing request. In the property tax code itself, if there's a request for a hearing, a hearing is granted. But it is all under the umbrella that the assessments are supposed to be correct assessments based on equity in the weight of the evidence. And... Well, here there was a hearing set up. Here there was a agenda that posted that they were going to consider several attachments. Attachment A was 529 cases. And this case was under that 529 cases. And as I brought up in the open meetings thing, they didn't say what they were going to do. It's certainly a broken system. I will say that. But is that a reason enough to be arbitrary in the use of discretion here? What did it say it was going to do in October 17? It said that they were going to act on attachment A. And it did not say, and I don't know the exact words, but it basically didn't say that they were going to give the taxpayers preferred assessment or they were going to rule one way. These obviously had been decided somehow in staff meetings beforehand what attachment A meant. And it just listed the names of the case, the taxpayer, and the docket number. And they approved it. Well, what's the statutory or regulatory deadlines for asking for a hearing? I do not know that, Ian. I did not consider that, since we always focused on we had asked for a hearing and were not given one. Well, that's the reason I'm asking the question. Are there deadlines in the statutory regulations? If the court is so inclined, I would be happy to supplement and respond to that. But I do not know the answer to that, and I would tell you wrong if I did. I will tell you that even up to the hearing time, the failure to submit remittance ahead of time can be worried. That's the 86-0 admin code, 910.67K. And I also see that how the regulations are being applied is inconsistent because it talks about 30-day extensions. But as you saw, we did get a longer extension, which is the practice. Paradise got a longer extension than we even asked for. They were not moving these along quickly with this huge case load. But I think that huge case load does not give you the right to be arbitrary as an agency when your direction is to make correct assessments based on the evidence. And yes, Paradise has an interest here, but there was no showing them any delay. Paradise was given the opportunity to say, are you hurt by this? Because we filed a motion for default, and it explained, look, we thought we had an extension request, and our appraiser was still working. Please do not default. Let's vacate that default. And Paradise responds, you know, we apply this strictly. If you miss the deadline, you're out. And we don't have to say prejudice. And they were given an opportunity to say prejudice, and they said no prejudice here. So there's no prejudice. And I keep on going back to the case law on continuances. I cited my brief, the Brown v. Air Pollution Control Board, which says a court or administrative body possesses a broad discretion whether to allow or deny a motion for continuance, but it is a discretion which must be exercised judiciously and not arbitrarily. A continuance should not be denied where it clearly is required by the ends of justice and a refusal to grant it is an abusive discretion warranting reversal. Counsel has one minute. They had discretion. They didn't always act as if they had discretion. They had discretion to first, you know, extend longer the time. The rules do not say that an extension request has to be filed before or after the deadline. Sometimes things happen. Sometimes things happen, but you look for the ends of justice. And if they were saying here before you say there was going to be a delay caused by your late submission, there was going to be some prejudice, the taxpayer actually was going to be harmed, we would have a different case. But here they just sat on the late evidence and got around to it more than a month later saying this is late evidence and now we're going to default you even though we have it in hand. We just now realize it's late and we're going to default you even though we now have it in hand. No prejudice. Question. When you filed the motion to vacate, when was that ruled on? The motion to vacate, it was, I'll get you, there you go. It was ruled on in August, and I think I don't have the exact date, August of 2016. The ruling is not in the record, and this is one of the things that they brought up in briefs I didn't want to spend time on today, but they did not put it in the record. They said, oh, you can take judicial notice of it. They're supposed to give rulings notice to us as well, and that's one thing that did not happen. When they make a ruling on a motion, they're supposed to give notice to us, and they're also supposed to put it in the record, and I don't think it's sufficient to say, well, look at our website. PTAC here, yes, is very busy. It had two extensions to file the record of appeal, and those were graciously granted. We did not oppose those, but they did not include, even after that time, their ruling on our motion for vacating, and they did not give us notice, and that's part of the delight in asking for, I'm sure, for asking for a hearing. And then they had ex parte communications with Paradise in the September 23 letter, and our notice, our demand for a hearing included, please share that ex parte communication. I think Justice O'Brien was asking, was the motion to vacate heard and denied? It was denied. And you don't know the date? I do not put that exact date. It was in August 2016, so it was, you know, more than a month and a half or so after the motion to vacate had been filed, and they did not include that ruling in the record. Okay. And you don't think that's part of your strategy? Well, I think any inferences would be brought against PTAB where they had failed to prepare a complete record that Walt directed to do so. One more question before Justice O'Brien jumps in. You're suggesting that the extension of time can be either timely or untimely. Am I reading your argument correctly? Because your request for an extension of time came after the April 20th deadline. So it was an untimely request for an extension of time. Well, the rules don't actually, they talk about timely evidence, but they don't talk about timely or untimely extensions. So I think if you literally read the rules, you could make a request for an extension after the effect, which is effectively what we did with the motion to vacate in our explanation and our showing that we do not get to the appraisal of evidence until May 2nd. You've answered my question. Thank you. Thank you very much. Justice O'Brien, I interrupted you. I just want to follow up. The denial of the motion to vacate, did you receive a letter of order denying it? I believe we did not receive it. I do not know how we became aware of that or when. Honestly, I was not involved at that point, and I do not, I will tell you now, that my partner, who unfortunately made a mistake, which we admit is a mistake, was involved at that time. I was not involved then, and I do not remember seeing that. But it was not part of the record, and it certainly, and I'm almost certain we did not get notice of that ruling on the denial of the motion to vacate. Thank you. Thank you. The Court will take this matter under advisement. Now we'll take a break for a panel change.